UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $56,657.00 IN U.S. CURRENCY | § | |
| Defendant | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against approximately $56,657.00 in United States currency, Defendant in rem, and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2).

*The Defendant in Rem*

2. The Defendant in rem is approximately $56,657.00 in United States currency that was seized from Valentine Osigboh on November 26, 2009, at the George Bush Intercontinental Airport in Houston, Texas.  These funds are

presently in the custody of U.S. Department of Homeland Security in Houston, Texas.

### Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture action accrued in the Southern District of Texas.

### Basis for Forfeiture

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in violations of 31 U.S.C. §§ 5316 and 5324(c) may be forfeited to the United States. Under 31 U.S.C. § 5316(a)(1)(A), a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 out of the United States. Under 31 U.S.C. § 5324(c)(1) no person shall, for the purpose of evading the reporting requirements of section 5316, fail to file a report required by section 5316, or cause or attempt to cause a person to fail to file

such a report.  United States currency is a monetary instrument under 31 U.S.C. §5312(a)(3)(A).

*Facts*

6. On November 26, 2009, Valentine Osigboh was attempting to board KLM Airlines flight #662 to Amsterdam en route to Nigeria at the George Bush Intercontinental Airport in Houston, Texas.  After Mr. Osigboh had obtained his boarding pass, checked his luggage, presented his boarding pass to the ticketing agent at the departure gate and was proceeding down the jetway[1] to board his flight, a United States Customs and Border Protection Officer (CBP Officer) approached him for an outbound Customs' inspection.

7. The CBP Officer questioned Mr. Osigboh about whether he was carrying more than $10,000 out of the United States.  Following this questioning, Mr. Osigboh told the Officer that he was carrying $56,700.00 out of the United States. He completed a Report of International Transportation of Currency or Monetary Instruments, FinCEN Form 105.  On this form, he stated again that he was transporting $56,700.00 out of the United States.  The CBP Officer inspected and

---

[1] A jetway is "an enclosed, telescoping, movable ramplike bridge connecting an airport terminal and an aircraft, for use by passengers in boarding and disembarking."  Dictionary.com, http://dictionary.reference.com/browse/jetway, accessed on December 23, 2009

counted the money that Mr. Osigboh was carrying on him. Mr. Osigboh was carrying $56,567.00 in U.S. currency.

8. As an experienced international traveler, Mr. Osigboh was familiar with the Report of International Transportation of Currency or Monetary Instruments form and the legal requirements to make a declaration when one is taking more than $10,000 out of the United States. Since 1996, he has made more than 30 international trips. On many of those trips, he properly filed the required forms in which he reported his intention to transport more than $10,000 into and out of the United States. On one occasion he was fined for not reporting that he was attempting to transport more than $10,000 out of the United States.

9. Mr. Osigboh told CBP Officers that he was very late for his flight and did not want to report to Customs Officials that he was taking more than $10,000 out of the country because of the time it would take. Prior to the CBP Officer questioning Mr. Osigboh on the jetway, he had not filed a report as to these funds as required by 31 U.S.C. § 5316. Accordingly, the CBP Officer seized the $56,567.00 for forfeiture because Mr. Osigboh was attempting to leave the United States without reporting those funds.

*Notice to Any Potential Claimant*

10. You are hereby notified if you assert an interest in the property subject

to forfeiture and want to contest the forfeiture, you must file a verified claim

which fulfills the requirements set forth in Rule G of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim

must be filed no later than 35 days from the date this complaint is sent in

accordance with 18 U.S.C. § 983 and Rule G(4)(b).

11.  An answer or motion under Fed. R. Civ. P. 12 must be filed no later

than 20 days after filing the claim.  The claim and answer must be filed with the

United States District Court for the Southern District of Texas and a copy must be

served upon the undersigned Assistant United States Attorney at the address

provided in this complaint.

*Relief Requested*

12.  Plaintiff requests:

> A.    Arrest warrants and summons, citing all persons having an
> interest in the Defendant property to appear on the return day of
> process by filing a claim and answer pursuant to Rule G(5),
> Supplemental Rules for Admiralty or Maritime Claims and Asset
> Forfeiture Actions, or as ordered by this Court;

> B.    A judgment of forfeiture to the United States against the
> Defendant in rem, and

> C.    Costs and other relief to which the Plaintiff may be entitled.

Dated: December 23, 2009.

Respectfully submitted,

Tim Johnson
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129, Houston, Texas  77208
E-mail albert.ratliff@usdoj.gov
Office (713) 567-9579, Fax (713) 718-3300

## VERIFICATION

I, Deanna Overholt, Senior Special Agent, United States Immigration and

Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C.

§1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts

stated in this complaint are true and correct to the best of my knowledge and

belief.

Executed on December 23, 2009.

Deanna Overholt, Senior Special Agent
U. S. Immigration and Customs Enforcement